UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
                                          :
ANTONINO AIELLO,                          :
                                          :
    Petitioner,                           :
                                          :   84 Cr. 881 (KTD)
    v.                                    :
                                          :   MEMORANDUM & ORDER
UNITED STATES OF AMERICA,                 :
                                          :
    Respondent.                           :
                                          :
------------------------------------------X

KEVIN THOMAS DUFFY, U.S.D.J.:

    Defendant Antonino Aiello, proceeding pro se, brings the instant motion under Rule 35(a) of the Federal Rules of Criminal Procedure for correction or reduction of an illegal sentence (the "Motion"). For the reasons set forth below, I DENY the Motion.

I.   BACKGROUND

    On April 2, 1987, Aiello was charged in a 27-count indictment. Nineteen of the counts charged Aiello with violations of the federal narcotics and tax laws. On February 12, 1988, Aiello was convicted by a jury of the following: (1) conspiring to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846 (Count 1); (2) distributing and possessing with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and

(b)(1)(A) and 18 U.S.C. § 2 (Counts 2-9, 12); and (3) operating a continuing criminal enterprise ("CCE") for the distribution of narcotics, in violation of 21 U.S.C. § 848 (Count 15).

I sentenced Aiello on March 18, 1988. On each of Counts 2 through 9, I sentenced Aiello to fifteen years' imprisonment and imposed a $25,000 fine and a life term of special parole. On Count 12, I sentenced Aiello to twenty years' imprisonment and imposed a $250,000 fine and a life term of special parole. On Count 15, I sentenced Aiello to life imprisonment without parole and imposed a $100,000 fine. Notably, Count 1 (narcotics conspiracy, in violation of § 846) merged with Count 15 (CCE, in violation of § 848) for sentencing purposes. Thus, Aiello did not receive an independent sentence for his conviction on Count 1. I ordered the sentences on all counts to run consecutively.

On December 23, 1988, the Second Circuit affirmed Aiello's conviction. See United States v. Aiello, 864 F.2d 257 (2d Cir. 1988). On March 27, 1989, Aiello filed his first habeas corpus petition pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction and sentence. On May 10, 1989, I denied the petition, and the Second Circuit upheld the denial. See United States v. Aiello, 900 F.2d 528 (2d Cir. 1990).

In January 1995, Aiello filed his second § 2255 petition and also filed a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking to vacate the court's order

denying his first § 2255 petition. On October 9, 1997, Judge Baer, to whom the second § 2255 petition had been reassigned, denied both of Aiello's motions, finding that his successive habeas petition was procedurally barred.[1] The Second Circuit affirmed Judge Baer's order on June 8, 1998. See Aiello v. United States, 159 F.3d 1345 (2d Cir. 1998). On October 13, 1998, the United States Supreme Court denied Aiello's petition for a writ of certiorari. See Aiello v. United States, 525 U.S. 932 (1998).

On February 18, 2004, Aiello filed the instant Motion to vacate his conviction and sentence for violating 21 U.S.C. § 848 (CCE). The government submitted a letter brief, dated May 2, 2005, in opposition to the Motion. Aiello filed reply papers on May 19, 2005.

II.  DISCUSSION

Aiello filed a motion for relief under the version of Federal Rule of Criminal Procedure 35(a) applicable to offenses that occurred before November 1, 1987. Aiello was indicted on April 2, 1987, so he is covered by this old rule, which says

---

[1] On November 12, 1997, Judge Baer issued an order amending his October 9, 1997 order. See Aiello v. United States, No. 95 CIV. 4461, 1997 WL 716913 (S.D.N.Y. Nov. 12, 1997).

3

that "[t]he court may correct an illegal sentence at any time". FED. R. CRIM. P. 35(a), Pub.L. No. 99-217, 99 Stat. 1728 (1985).[2]

As a procedural matter, a Rule 35(a) motion is part of the direct appeal of the criminal conviction. Guirand v. United States, No. 01 CR 156, 2004 WL 1878690, at *1 (S.D.N.Y. Aug. 23, 2004). Courts have uniformly construed Rule 35 to be limited to consideration of the validity of a sentence and cannot be used to challenge the merits of the underlying conviction. See Hill v. United States, 368 U.S. 424, 430 (1962)); United States v. Lika, 344 F.3d 150, 153 (2d Cir. 2003) (holding that an attack on the defendant's conviction is inappropriately raised in a Rule 35(a) motion); United States v. Colvin, 644 F.2d 703, 705 (8th Cir. 1981) ("Former Rule 35(a) is limited to the correction of an illegal sentence; it does not cover arguments that the conviction itself is improper, for such arguments must be raised under [28 U.S.C. § 2255].").

Aiello contends that the decision in Rutledge v. United States, 517 U.S. 292 (1996), makes his convictions under 21 U.S.C. § 846 (narcotics conspiracy) and 21 U.S.C. § 848 (CCE), and the sentence based on them, unlawful. In Rutledge, the Court held that conspiracy under § 846 is a lesser included

---

[2]  Rule 35(a) currently provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Because this appeals deals only with former Rule 35(a), my reference to Rule 35(a) in this opinion is to the former Rule.

4

offense to a CCE under § 848 and ordered the lower court to vacate either the § 846 or § 848 conviction and any sentence attributed to the vacated conviction. Id. at 307. Invoking Rutledge, Aiello argues that because he was convicted of and sentenced for both offenses, his life sentence for Count 15 (CCE) is illegal and must be vacated.[3]

In contending that his claim sounds within Rule 35(a), Aiello cites to and relies upon the Double Jeopardy clause. Aiello misunderstands the Double Jeopardy Clause, at least as it pertains to a defendant's motion under Rule 35(a). As explained above, under Rule 35(a), a defendant can only challenge the sentence imposed and not the underlying conviction. Here, while Aiello was convicted for violating both § 846 and § 848, I merged Count 1 (narcotics conspiracy under § 846) with Count 15 (CCE under § 848) for sentencing purposes. Aiello did not receive an independent sentence for his conviction on Count 1, as I imposed only one sentence for both. Therefore, Aiello cannot reasonably be perceived as arguing that he was sentenced twice on the basis of a single conviction, or that multiple

---

[3] In Rutledge, the Supreme Court was presented with the question of whether it was improper for the district court to sentence a criminal defendant to two concurrent life sentences based on convictions for two offenses - conspiracy in violation of 21 U.S.C. § 846 and supervising a CCE in violation of 21 U.S.C. § 848. 517 U.S. at 294. Because the Supreme Court found that a guilty verdict on the § 848 charge necessarily includes a finding that the defendant participated in a conspiracy in violation of § 846, the Court found that one of the defendant's convictions, as well as the concurrent sentence for that conviction, must be vacated. Id. at 307.

terms of imprisonment were imposed for the same offense, in violation of the Double Jeopardy Clause. Because his "Double Jeopardy" claim reasonably can only be read as challenging his *convictions* for certain crimes underlying his sentence, Aiello's claim is not actionable under Rule 35(a). See United States v. Little, 392 F.3d 671, 678 (4th Cir. 2004) (holding that a defendant's post-conviction motion premised on a Rutledge violation does not fall within Rule 35(a), as the claim attacks the underlying conviction, not the sentence) (citing United States v. Canino, 212 F.3d 383, 384 (7th Cir. 2000)).

For the reasons provided above, Aiello's Rule 35(a) Motion must be denied. Under certain circumstances, it may be appropriate to treat Aiello's claims brought pursuant to former Rule 35(a) as constituting a motion under 28 U.S.C. § 2255. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) ("[I]t is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief petitioner is entitled to."). However, in this case, Aiello has already filed two motions under § 2255, so in order to file a successive § 2255 motion, he must first request authorization from the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).[4]

---

[4] In order to obtain authorization from the Court of Appeals to file a successive § 2255 motion, a petitioner must show that his claim is based on either:

Because he has not done so, Aiello cannot file such a petition at this time, as I lack jurisdiction to consider Aiello's claims.

III. CONCLUSION

For the foregoing reasons, Aiello's Motion is DENIED.

SO ORDERED.

Dated:  New York, NY
        September 7, 2010



KEVIN THOMAS DUFFY, U.S.D.J.

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Aiello has not argued that newly discovered evidence exists, and the rule announced in Rutledge has not been made retroactive to cases on collateral review. See Underwood v. United States, 166 F.3d 84, 87 n.2 (2d Cir. 1999) (noting Rutledge does not announce a "new rule of constitutional law" because "the double jeopardy and separation of powers principles on which Rutledge ultimately rests are not new"). Furthermore, even if Rutledge was conceptually available to Aiello, a § 2255 motion based on Rutledge would be untimely because a § 2255 motion must be filed within one year of the time that the Supreme Court first recognizes the constitutional right asserted. See § 2255 para. 6(3).