UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                    84-CR-881 (ALC)

                    - against -
                                                    ORDER DENYING
                                                    COMPASSIONATE RELEASE


ANTHONY AIELLO,

                    Defendant.
------------------------------------------------------------X


**ANDREW L. CARTER, JR., United States District Judge:**


BACKGROUND

In 1988, a jury convicted Aiello of eleven counts of an indictment, related to his

leadership in a large narcotics enterprise that supplied cocaine and heroin to several major cities

in the United States.  ECF 32 at 6.  On March 18, 1988, Judge Duffy sentenced Mr. Aiello to

fifteen years' imprisonment for Counts Two through Nine, twenty years' imprisonment for

Count Twelve, and life imprisonment without parole for Count Fifteen, the "Kingpin" count.[1]

See Def. Ex. A.


In December 2020, Aiello sought compassionate release and a sentence reduction in his

sentence from the Bureau of Prisons.  The BOP denied his request.  He filed a motion with the

Court seeking compassionate release and a sentence reduction on May 3, 2021.  On July 28,

2021, after I granted his request for appointment of CJA counsel, he filed a second request for

---

[1] The sentence for Count One merged with the sentence for Count Fifteen.

administrative relief with the BOP.  On September 6, 2021, CJA counsel filed a Memorandum in

Support of Aiello's motion with the Court.


Aiello seeks compassionate release and a sentence reduction based on the significant time

he has served for non-violent crimes, his advanced age, and his medical conditions, especially in

light of the COVID-19 pandemic.


The government opposes Aiello's motion, claiming that he hasn't demonstrated

extraordinary and compelling reasons and that the factors listed in 18 U.S.C. § 3553(a) counsel

against release.


DISCUSSION


A)      LEGAL STANDARDS


A defendant may make a motion for compassionate release to a district court only "after

the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

3582.(c)(1)(A)(i).


If the defendant has exhausted all administrative rights, "A court may reduce the term of

imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (a) to the extent they

are applicable, if it finds that extraordinary and compelling circumstances warrant such a reduction... " 18 U.S.C. § 3582.(c)(1)(A).  Although 3582 also requires that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commision, the Second Circuit has held that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring before [the court] in motions for compassionate release" and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1,13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

        B)      ANALYSIS

Since there is no dispute that Aiello exhausted administrative remedies with the BOP, I will turn to the merits of Aeillo's motion.

His medical conditions do not constitute extraordinary and compelling reasons to reduce his sentence or release him.  While his medical conditions are not to be minimized, there have been advances in the treatment of COVID-19, including three different vaccines. Aiello received both doses of the Pfizer vaccine in January 2021.

His medical conditions, while serious, coupled with his age, have made him anything but infirm.  While he is a senior, he has been an active senior, garnering disciplinary infractions for possessing a dangerous weapon and narcotics in 2017 and possessing drugs/alcohol in 2020.

Even if his medical condition, age and the COVID 19 pandemic–all taken together–did establish extraordinary and compelling reasons, the factors set out in 18 U.S.C. § 3553 (a) counsel against release.  Aiello was convicted as a kingpin.  As such, he gave orders, instead of taking them.  While certainly some defendants may, based on age alone, be prevented  from committing certain crimes, that is not the case for leaders of large drug conspiracies.  His age and medical condition would not prevent him from making large amounts of money from the drug trade as he did when he ran a large scale drug operation out of the pizzeria he owned, before being arrested after a high speed car chase.  His continued high executive function and communication skills are demonstrated by his ability to obtain contraband in prison.  Although he has spent a long time in custody, this is not a case in which he was sentenced to an inordinate amount of time for a small drug transaction.  The need to deter criminal conduct and protect the community from further crimes of the defendant still exists.

The motion is denied.

**SO ORDERED.**

**Dated: January 4, 2022**
      **New York, New York**

      **/s/ Andrew L. Carter, Jr.**
      **ANDREW L. CARTER, JR.**
      **United States District Judge**