**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

       -against-

**ANTHONY AIELLO,**

       **Defendant.**

84-CR-881

**ANDREW L. CARTER, United States District Judge:**

BACKGROUND

In 1988, Anthony Aiello was convicted on eleven counts of an indictment, pertaining to his leadership role in a large–scale narcotics operation. ECF No. 32 at 6. The criminal enterprise he led supplied cocaine and heroin throughout the United States, including several major cities. *Id*. On March 18,1988, Aiello was sentenced by retired District Court Judge, Hon. Kevin Duffy. For Counts Two through Nine, Aiello was sentenced to fifteen years' imprisonment; for Count Twelve, Aiello received twenty years' imprisonment. *See* Def. Ex. A. Lastly, for Count Fifteen, commonly referred to as the "Kingpin Count", Aiello was sentenced to life imprisonment without parole.[1] *Id*. In December 2020, Mr. Aiello sought compassionate release and a reduction of his sentence from the Bureau of Prisons ("BOP"). However, his request was denied.

On May 3, 2021, Aiello then filed a motion before the Court seeking compassionate release and a sentence reduction. ECF No. 24. On September 6, 2021, appointed counsel filed a

---

[1] The sentence for Count One merged with the sentence for Count Fifteen.

Memorandum in Support of Mr. Aiello's motion ("2021 Motion"). ECF No. 30. Mr. Aiello sought compassionate release and a sentence reduction due to the (1) significant time served for non-violent crimes, (2) his advanced age, and (3) his medical conditions, particularly in light of the COVID-19 pandemic.

The government opposed the 2021 Motion, asserting that Aiello had not demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) ("Compassionate Release Provision.") ECF No. 32 at #. Further, the government asserted that the factors listed in 18 U.S.C. § 3553(a) counsel against his release. *Id*.  Ultimately, Aiello's 2021 Motion was denied. ECF No. 33. At present, Mr. Aiello has once again filed a Motion for Reduction of Sentence for Compassionate Release before this Court. ECF No. 35. The government opposes this motion making similar arguments to that of their opposition to the 2021 Motion. ECF No. 39.

DISCUSSION

A)  LEGAL STANDARD

A Defendant can make a motion for compassionate release to a district court only after fully exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

If the defendant has exhausted all administrative rights, "A court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (a) ("Section 3553(a)") to the extent they are applicable, if it finds that extraordinary and compelling circumstances warrant such a reduction... " 18 U.S.C. § 3582(c)(1)(A)(i).

The Compassionate Release Provision also requires that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission. Notably however, the Second Circuit has held that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring before [the court] in motions for compassionate release" and that "*neither Application Note 1(D)*, nor anything else in the now-outdated version of *Guideline § 1B1.13*, limits the district court's discretion." *United States v. Aiello,* No. 84-CR-881 (ALC), 2022 U.S. Dist. LEXIS 1304 (S.D.N.Y. Jan. 4, 2022) (citing *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020)).

B) ANALYSIS

There is no dispute as to whether Mr. Aiello has exhausted his administrative remedies with the BOP. In turn, I will focus on the merits of his motion for compassionate release. Aiello contends that he should be granted a sentence reduction or release because he received an "unduly harsh and lengthy sentence." See Def. Ex. A at 4. However, Mr. Aiello's crimes during his time as a narcotics kingpin were exceptionally serious and warranted sentencing of a comparable nature.

He asserts that the "disparity of [his] sentence" must be corrected and warrants compassionate release. *See id.* However, the mere fact that Aiello received a life sentence for his conviction as a narcotics kingpin does not rise to meet the extraordinary and compelling standard necessary for granting him compassionate release. As stated in the rejection of the 2021 Motion, "this case is not a case in which he was sentenced to an inordinate amount of time for a small drug transaction." *Aiello,* 2022 U.S. Dist. LEXIS 1304, at *4. Rather, Aiello "was a large supplier of hard drugs to wholesale distributors for an extended period of time. For crimes such as his, life sentences have been found appropriate." *United States v. Aiello*, 864 F.2d 257, 265 (2d Cir. 1988).

Moreover, even if Mr. Aiello could successfully demonstrate an "extraordinary and compelling" reason for reduction or release, his claim would not survive once considered under the factors laid out in Section 3553(a). *See United States v. Roney*, 833 F. App'x 850, 853 (2d Cir. 2020). These factors include the need "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)-(C).  For six years,  Aiello was the overseer of a lucrative national narcotics syndicate, a "grave" offense in the eyes of the Second Circuit.  *Aiello*, 864 F.2d at 265. Despite what Mr. Aiello contends, he was sentenced in a manner that was reflective of the severity of those crimes. A reduction or early release would not be consistent with the court's objective for his sentence, nor would it properly deter or protect the public from similar conduct. *E.g. Aiello,* 2022 U.S. Dist. LEXIS 1304*;United States v. Alba,* No. 21-873-cr, 2023 U.S. App. LEXIS 1080 (2d Cir. Jan. 18, 2023); *United States v. Seshan*, 850 F. App'x 800 (2d Cir. 2021).

Lastly, the Court rejects the notion that Mr. Aiello would receive a lesser sentence if convicted of the same crimes today. This assertion is completely baseless. Under the Continuing Criminal Enterprise statute ("CCE Statute") a Defendant who engages in conduct comparable to Mr. Aiello's "shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment." 21 U.S. Code § 848. Today, just as it did in 1988, the CCE Statute allows for a term of life imprisonment for those convicted of crimes such as Mr. Aiello's.

## CONCLUSION

For the above reasons, Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED.**

**Dated:** **March 21, 2024**      _____

        **New York, New York**     ANDREW L. CARTER, JR.

              **United States District Judge**